The Chief Jdstice
delivered the opinion of the court.
This was an action of ejectment, on th the lessors of the plaintiff having grant to themselves from the cos ants exhibited a grant to the heirs> elder date, and produced evidencia they and those through whom the^pl held the possession under the granl^J The lessors of the plaintiff then, aftlS conducing in some measure to prove tf without heirs, moved to instruct the jury, “that ⅝ the title “shewn by the defendants emanated to the heirs of Silas “Train, it was necessary to identify some person as the heir “to support the grant; and as no person was identified or “shewn to be the heir of Silas Train, an heir could not be “presumed, nor could the grant be supported without shewing some person existed of the character to whom thf *294 “grant had issued, and that any presumption of such heir 1<:ou^ not ex*s* ur|der the circumstances of this case, or “any privity from him. But the court overruled the motion, and instructed the jury that they ought to presume “an heir to support the grant; and the other chain of evi“dence produced by the defendants in the cause, was left “to the jury as circumstances from which they might presume a privity of possession with the patentee.”
A grantor, a grantee a >d /«Tai-e afihe fcsse»se°of a grant: theab-ei^nuínies1» graiit. 1
a grant, tlierefore, to T.”diedwith-out heir, is
identify who is the ‘heir’ expres-se<^ "s nif cessaíy only where a ity is the and liim in session: if heir^oT's T tué ¿rant ⅛ valid . No dou,3t a surne that tiiere was an heir to s sump'/n be repel’d by evidence therantrtry,be «4 the ofsucli repel-iSíd'beleít to the jury.
*294 To this decision of the court the lessors of the plaintiff excepted; and whether it is correct or not, is the only point we deem material to be considered.
As the grant in question in this case was made to uthe ^rs °f as Train” it is clear if he died without leaving an that the grant is void; for in that case there would have been no grantee; and a grantee as well as a grantor, anc* a ^n§ »rai)tecl, is of the essence of a grant. We cannot however admit, as seems to have been supposed by the instructions asked for on the part of the lessors of the plaintiff, that it is necessary to the validity of the grant, that the heir should be identified. For cases may be easily imagined in which it would be certain that there was an heir, though it might be unknown what particular person had a r*»htto cla*m ⅛ that character, and if there was an heir al>ve at the date of the grant in this case, though it were ever so uncertain who he was, yet the grant would be va~ tLid it been material for the defendants to shew any privity between them and the grantee, it might have been for that purpose to have identified the heir, but a privity was clearly immaterial, for if the grant to ^e’rs °f Silas Train was valid, as it is elder than that which tiro lessors of the plaintiff claim title,'it was sufficient to shew that they had not the right of entry, and whhout a right of entry they could not recover in an action of ejectment. We can perceive no error therefore the refusal of the circuit court to instruct the jury that was necessary to identify the heirs of Silas Train in order 1° support the grant. But we are of opinion that court erred in instructing the jury that they ought to presume an The presumption is, no doubt, strong, that where dies be leaves an heir, because it so happens in many instances for one that it happens otherwise. This- pre-however, is but a presumption of fact, and may to the
Where, therefore, there is any proof conducing in any *295 degree to repel the presumption, the weight of such proof, as well as the weight of the presumption, ought to be Rft to the jury.
Wickliffe for appellants, Bibb and Talbot for appellees,
Judgment reversed with costs, and the cause remanded for new proceedings not inconsistent with this opinion.